UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

IN RE: ) CASE NO: 11-40110
**Andrew Lawrence Babbitt** ) Chapter 13
**Shelley Renee Babbitt** )
SSN(s): xxx-xx-9008, xxx-xx-1830 )
1725 Vintage Drive )
Corinth, TX 76210 )
)
)
Debtor )

You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.

# CHAPTER 13 PLAN

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income.** Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan.** Debtor will pay the sum of __see below__ per __month__ to Trustee by ☐ Payroll Deduction(s) or by ☒ Direct Payment(s) for the period of __60__ months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. See 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

The following alternative provision will apply if selected:

☒ Variable Plan Payments

| Beginning Month | Ending Month | Amount of Monthly Payment | Total |
|---|---|---|---|
| 1 (02/07/2011) | 30 (07/07/2013) | $795.00 | $23,850.00 |
| 31 (08/07/2013) | 60 (01/07/2016) | $1,315.00 | $39,450.00 |
| | | Grand Total: | $63,300.00 |

Reason for Variable Plan Payments:
**2006 Nissan ($520.00/month) pays off after 30 months.**

3. **Payment of Claims.** The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief. Allowed claims shall be paid to the holders thereof in accordance with the terms thereof. From the monthly payments described above, the Chapter 13 Trustee shall pay the following allowed claims in the manner and amounts specified. Claims filed by a creditor designated as secured or priority but which are found by the Court to be otherwise shall be treated as set forth in the Trustee's Recommendation Concerning Claims.

TXEB Local Form 3015-a [Revised January 18, 2006] Page 1

Case No:
Debtor(s):  **Andrew Lawrence Babbitt**
**Shelley Renee Babbitt**

---

4. **Administrative Claims.** Trustee will pay in full allowed administrative claims and expenses pursuant to § 507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

   (A). **Trustee's Fees.** Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

   (B). **Debtor's Attorney's Fees.** The total attorney fee as of the date of filing of the petition is ___**$3,000.00**___. The amount of ___**$720.00**___ was paid prior to the filing of the case. The balance of ___**$2,280.00**___ will be paid ☑ from first funds upon confirmation, or in the alternative ☐ from the remaining balance of funds available after specified monthly payments. The total attorney fees are subject to reduction by notice provided in the Trustee's Recommendation Concerning Claims to an amount consistent with LBR 2016(h) absent a certification from debtors attorney regarding legal services provided pertaining to automatic stay litigation occurring in the case.

5. **Priority Claims.**

   (A). **Domestic Support Obligations.**

   ☑ None. If none, skip to Plan paragraph 5(B).

   (i). Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

   (ii). The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

   (iii). Anticipated Domestic Support Obligation Arrearage Claims

   (a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

   ☑ None; or

| (a)<br>Creditor<br>(Name and Address) | (b)<br>Estimated arrearage claim | (c)<br>Projected monthly arrearage payment / Months |
|---|---|---|
|  |  |  |

   (b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

   ☑ None; or

   Claimant and proposed treatment:

| (a)<br>Claimant | (b)<br>Proposed Treatment |
|---|---|
|  |  |

   (B). **Other Priority Claims (e.g., tax claims).** These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a)<br>Creditor | (b)<br>Estimated claim |
|---|---|
|  |  |

---

TXEB Local Form 3015-a  [Revised January 18, 2006]                                                                          Page 2

Case No:
Debtor(s):  **Andrew Lawrence Babbitt**
**Shelley Renee Babbitt**

6. **Secured Claims.**

   (A). **Claims Secured by Personal Property Which Debtor Intends to Retain.**

   (i). **Pre-confirmation adequate protection payments.** Unless the Court orders otherwise, no later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment, as confirmation is prohibited without said proof.

   Debtor shall make the following adequate protection payments:

   ☐ directly to the creditor; or

   ☐ to the Trustee pending confirmation of the plan.

| (a) Creditor | (b) Collateral | (c) Adequate protection payment amount |
|---|---|---|
|  |  |  |

   (ii). **Post confirmation payments.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

   (a). **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

   ☐ None; or

| (a) Creditor; and (b) Collateral | (c) Purchase date | (d) Estimated Claim | (e) Interest rate | (f) Monthly payment / Months |
|---|---|---|---|---|
| Santander Consumer USA<br>2006 Nissan Frontier | Various | $1,043.73 | 8.00% | Pro-Rata<br>Month(s) 1-35 |
| Santander Consumer USA<br>2007 Chrysler Pacifica | Various | $1,335.69 | 8.00% | Pro-Rata<br>Month(s) 1-35 |

   (b). **Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

   ☑ None; or

TXEB Local Form 3015-a    [Revised January 18, 2006]                                                                                   Page 3

Case No:
Debtor(s):  **Andrew Lawrence Babbitt**
**Shelley Renee Babbitt**

| (a)<br>Creditor; and<br>(b)<br>Collateral | (c)<br>Purchase date | (d)<br>Replacement value | (e)<br>Interest rate | (f)<br>Monthly payment / Months |
|---|---|---|---|---|
|  |  |  |  |  |

(B). **Claims Secured by Real Property Which Debtor Intends to Retain.** Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| (a)<br>Creditor; and<br>(b)<br>Property description | (c)<br>Estimated pre-petition arrearage | (d)<br>Interest rate | (e)<br>Projected monthly arrearage payment / Months |
|---|---|---|---|
| Chase Mortgage<br>1725 Vintage Drive, Corinth, TX 76210 | $19,731.20 | 8.00% | Pro-Rata<br>Month(s) 1-35 |

(C). **Surrender of Collateral.** Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a)<br>Creditor | (b)<br>Collateral to be surrendered |
|---|---|
|  |  |

(D). **Void Lien:** The secured creditors listed below hold a non-purchase money, non-possessory security interest on Debtor's exempt property. Their lien will be voided pursuant to 11 U.S.C. § 522(f) and their claim treated as unsecured and paid pursuant to paragraph 7 below:

| Name of Creditor | Collateral Description | Estimated Claim |
|---|---|---|
|  |  |  |

7. **Unsecured Claims.** Debtor estimates that the total general unsecured debt not separately classified in Plan paragraph 12 is __$29,499.62__. After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of __$29,610.56__. Trustee is authorized to increase this dollar amount if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases.** All executory contracts and unexpired leases are assumed, unless rejected herein. Payments due after the filing of the case will be paid directly by Debtor (c) or through the plan by the Trustee (d), as set forth below.

Debtor proposes to cure any default by paying the arrearage on the assumed leases or unexpired contracts in the amounts projected in column (e) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

☑ None; or

Case No:
Debtor(s):  **Andrew Lawrence Babbitt**
**Shelley Renee Babbitt**

| (a) Creditor; and<br>(b) Nature of lease or executory contract | (c)<br>Payment to be paid directly by Debtor | (d)<br>Payment to be paid through plan by Trustee / Months | (e)<br>Projected arrearage monthly payment through plan (for informational purposes) / Months |
|---|---|---|---|
|  |  |  |  |

9. **Property of the Estate.**  Upon confirmation of this plan, title of the property of the estate shall vest in DEBTOR(S), unless the Court orders otherwise.

10. **Post-petition claims.**  The DEBTOR(S) will not incur any post-petition consumer debt except upon written approval of the Court or the Standing Chapter 13 Trustee. Post-petition claims will be allowed only as specified in 11 U.S.C. § 1305.

11. **General Provisions.**  Post-Petition earnings during the pendency of this case shall remain property of the estate notwithstanding section 1327. Any remaining funds held by the Trustee after dismissal or conversion of a confirmed plan may be distributed to creditors pursuant to these provisions. Notwithstanding section 1329(a), the Trustee may bring a motion anytime within the applicable commitment period of the Plan to modify debtor's Plan to meet the criteria of section 1325(b). Any funds sent to the debtor(s) in care of the Trustee, during the pendency of this case may be deposited to the debtor's account and disbursed to creditors holding allowed claims pursuant to this Plan, the Confirmation Order, and/or as set forth in the Trustee's Recommendation Concerning Claims.

12. **Other Provisions:**

   (A). **Special classes of unsecured claims.**

| Name of Unsecured Creditor | Remarks |
|---|---|
|  |  |

   (B). **Other direct payments to creditors.**

| Name of Creditor | Remarks |
|---|---|
|  |  |

**Chase Mortgage**

**Santander Consumer USA**

**Santander Consumer USA**

   (C). **Additional provisions.**

   <u>Pay Direct Taxes</u>
   Unless otherwise specified in this Plan, all applicable City, County, ISD and/or CED tax(es) specifically including any ad valorem tax(es) for the calendar year in which this bankruptcy was filed that are not otherwise provided for in this plan shall be paid direct. The Debtor will timely pay the 2011 taxes directly, unless otherwise specified in this Plan, or the automatic stay of § 362 will lift as to all taxes due on the Debtor's said property.


   <u>Attorney Relieved and Released as Attorney of Record</u>
   After the Trustee's Recommendation Regarding Claims process has been completed and approved by the Court, the Attorney for Debtors is hereby relieved and released as attorney of record for Debtors except for those documents necessary to be filed immediately prior to Debtors' Discharge.

Case No:
Debtor(s):  **Andrew Lawrence Babbitt**
**Shelley Renee Babbitt**

---

**100% Plan**
This Order contemplates the payment in full of all allowed unsecured claims. If there are more allowed unsecured claims than anticipated, the Debtors shall modify the Plan to provide more funding.


Special Note: This plan is intended as an exact copy of the recommended form prepared by the Standing Chapter 13 Trustees for this District, except as to any added paragraphs after paragraph 11 above. The Chapter 13 trustee shall be held harmless for any changes in this plan from the recommended form dated July 1, 2005.

Date: _1/7/11_

_____  
Merv Waage, Debtor's Attorney

_____  
Andrew Lawrence Babbitt, Debtor

_____  
Shelley Renee Babbitt, Debtor

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument was electronically mailed to the following:

1. Janna L. Countryman, Trustee
   P.O. Box 941166
   Plano, TX   75094-1166

I further certify that a true and correct copy of the foregoing instrument was delivered by Regular First Class Mail on the 7th day of January, 2011 to the following:

1. Internal Revenue Service
   PO Box 7346
   Philadelphia, PA 19101-7346

2. The Attorney General of the United States
   Department of Justice
   Tenth and Constitution Avenue
   Washington, DC   20530

3. The United States Attorney for the
   Eastern District of Texas
   110 North College Avenue
   Suite 700
   Tyler, TX   75702-0204

4. All creditors as shown on the attached mailing matrix

5. Andrew Lawrence Babbitt and Shelley Renee Babbitt
   1725 Vintage Drive
   Corinth, TX   76210

_____
Merv Waage

Label Matrix for local noticing
0540-4
Case 11-40110
Eastern District of Texas
Sherman
Fri Jan  7 12:20:23 CST 2011

Afni Inc
PO Box 3427
Bloomington IL 61702-3427

Ais Services
50 California Street
San Francisco CA 94111-4619

Allen L Adkins Attorney
McCleskey Harriger
Brazill & Graf LLP
PO Box 3340
Lubbock TX  79452-3340

Arrow Financial Services
5996 Touhy Avenue
Niles IL 60714-4610

Associated Recovery Systems
PO Box 469048
Escondido CA  92046-9048

Attorney General of Texas
Taxation Division Bkrpcy
Box 12548
Capitol Station
Austin TX 78711-2548

Attorney General of the US
Department of Justice
Tenth & Constitution Avenues
Washington DC 20530-0001

Andrew Lawrence Babbitt
1725 Vintage Drive
Corinth, TX 76210-3073

Shelley Renee Babbitt
1725 Vintage Drive
Corinth, TX 76210-3073

Bank of Marin
c/o Midland Credit Management
PO Box 939019
San Diego CA 92193-9019

Business Revenue Systems Inc
PO Box 13077
Des Moines IA  50310-0077

CFS & Associates
2905 Jordan Court
Suite B205
Alpharetta GA 30004-8976

(p)CAPITAL ONE
PO BOX 30285
SALT LAKE CITY UT 84130-0285

CashNetUSAcom
200 West Jackson Boulevard
4th Floor
Chicago IL 60606-6949

Charter Communications
c/o Afni Inc
PO Box 3427
Bloomington IL 61702-3427

Chase Mortgage
10790 Rancho Bernardo Road
San Diego CA 92127-5705

Check N Go
c/o Dr Bond Coll
PO Box 498609
Cincinnati OH 45249-8609

Citibank South Dakota NA
c/o Allen L Adkins Attorney
McCleskey Harriger et al
PO Box 3340
Lubbock TX  79452-3340

City of Corinth Tax Collector
2003 South Corinth Street
Corinth TX 76210-3538

Compass Bank
c/o Rjm Acq Llc
575 Underhill Boulevard
Suite 224
Syosset NY 11791-3416

Credit One Bank
PO Box 98875
Las Vegas NV 89193-8875

Denton County Tax Collector
PO Box 90204
Denton TX  76202-5204

Denton ISD Tax Collector
c/o Denton County
PO Box 90204
Denton TX  76202-5204

Donald Camillo CRNA
c/o Mars Inc
9126 East 46th Street
Tulsa OK 74145-4824

Dr Bond Coll
PO Box 498609
Cincinnati OH 45249-8609

ECMC
PO Box 53318
Jacksonville FL 32201-3318

Financial Corporation of America
Attention Bankruptcy
PO Box 203500
Austin TX 78720-3500

First Cash
c/o Ais Services
50 California Street
San Francisco CA 94111-4624

Gary B Watts MD
c/o Recovery Services of America
PO Box 815335
Dallas TX 75381-5335

| | | |
|---|---|---|
| Internal Revenue Service<br>Centralized Insolvency Operations<br>PO Box 7346<br>Philadelphia PA  19101-7346 | Mark Blackmore Dentist<br>9901 East Valley Ranch Parkway<br>Suite 1001<br>Irving TX 75063-7175 | Mars Inc<br>9126 East 46th Street<br>Tulsa OK 74145-4824 |
| McCleskey Harriger<br>Brazill & Graf LLP<br>PO Box 3340<br>Lubbock TX  79452-3340 | Michael A House MD<br>c/o Texhoma Financial Services<br>PO Box 4508<br>Wichita Falls TX  76308-0508 | Midland Credit Management<br>PO Box 939019<br>San Diego CA 92193-9019 |
| NCO Financial Systems<br>507 Prudential Road<br>Horsham PA 19044-2368 | Nelnet<br>Attention Claims<br>PO Box 17460<br>Denver CO 80217-0460 | Nextcard Inc<br>PO Box 3412<br>Omaha NE 68197-0001 |
| Premier Bankcard Inc<br>c/o Arrow Financial Services<br>5996 West Touhy Avenue<br>Niles IL 60714-4610 | Professional Finance Company<br>5754 West Eleventh Street<br>Suite 100<br>Greeley CO 80634-4811 | Recovery Services of America<br>PO Box 815335<br>Dallas TX 75381-5335 |
| Rjm Acq Llc<br>575 Underhill Boulevard<br>Suite 224<br>Syosset NY 11791-3416 | Santander Consumer USA<br>8585 North Stemmons Freeway<br>Dallas TX 75247-3836 | State Comptroller of<br>Public Accounts<br>Capitol Station<br>Austin TX 78774-0001 |
| Synerprise Consulting<br>Service Inc<br>PO Box 957<br>Shawnee Mission KS  66201-0957 | Texas Employment Commission<br>TEC Building<br>Tax Department<br>Austin TX 78778-0001 | Texas Health Presbyterian Plano<br>PO Box 910156<br>Dallas TX  75391-0156 |
| Texas Radiology Associates<br>c/o Synerprise Consulting<br>Service Inc<br>PO Box 957<br>Shawnee Mission KS  66201-0957 | Texhoma Financial Services<br>PO Box 4508<br>Wichita Falls TX  76308-0508 | Touchstone Imaging<br>PO Box 116662<br>Atlanta GA  30368-6662 |
| Touchstone Imaging Mesquite<br>PO Box 116662<br>Atlanta GA  30368-6662 | U.S. Attorney General<br>Department of Justice<br>Main Justice Building<br>10th & Constitution Ave., NW<br>Washington, DC 20530-0001 | US Trustee<br>Office of the U.S. Trustee<br>110 N. College Ave.<br>Suite 300<br>Tyler, TX 75702-7231 |
| United States Attorneys Office<br>110 North College Avenue<br>Suite 700<br>Tyler TX 75702-7237 | Merv Bernard Waage<br>8350 South Stemmons<br>Hickory Creek, TX 75065-7590 | Wolmed Medical PA<br>2436 East IH 35 South<br>Suite 336<br>Denton TX  76205 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Capital One NA
Bankruptcy Department
PO Box 5155
Norcross GA  30091

End of Label Matrix
Mailable recipients    56
Bypassed recipients     0
Total                  56